## SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. STATE et al.

(Court of Civil Appeals of Texas. Amarillo.
June 29, 1912. Rehearing Denied
Oct. 26, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 36*) —
CONNECTING LINES OF DIFFERENT COMPANIES—ORDER OF CITY COUNCIL.

The part of an order of a city council requiring a telephone company to maintain a connection with another company for transfer of messages being authorized by Acts 30th Leg. c. 12, § 4, such part is valid, as regards right to recover the penalty prescribed by section 5 for noncompliance therewith, even though the part of the order attempting to fix compensation on messages originating outside the city is void.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 26, 31; Dec. Dig. § 36.*]

2. TELEGRAPHS AND TELEPHONES (§ 78*) —
CONNECTING LINES OF DIFFERENT COMPANIES—ORDER OF CITY COUNCIL—PENALTY FOR NONCOMPLIANCE.

It is not necessary for recovery from a telephone company of the penalty prescribed by the Acts 30th Leg. c. 12, § 5, for noncompliance with an order of a city council for making connection with another company for transmission of messages from it that a message should have been offered for transmission.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 79–81; Dec. Dig. § 78.*]

3. TELEGRAPHS AND TELEPHONES (§ 78*) —
CONNECTING LINES OF DIFFERENT COMPANIES—ORDER OF CITY COUNCIL—PENALTY FOR NONCOMPLIANCE.

It is no defense to an action for the penalty prescribed by Acts 30th Leg. c. 12, § 5, for

noncompliance by a telephone company with the order of a city council that it make connection with the line of another company for transmission of messages that it has made unsuccessful efforts with the other company to arrange for a proper distribution of the compensation for handling messages; it being its duty to make the connection and leave the matter of distribution of compensation for future settlement.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 79–81; Dec. Dig. § 78.*]

4. TRIAL (§ 250*)—INSTRUCTIONS—PLEADING AND EVIDENCE.

Complaint may not be made of an instruction as to what the law requires, because too broad, where it is correct as to the circumstances pleaded and in evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

5. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

A special charge need not be given where, as far as applicable, it is covered by the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 251*)—INSTRUCTIONS—IMMATERIAL QUESTIONS.

Refusal of an instruction on an immaterial question is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from District Court, Childress County; S. P. Huff, Judge.

Action by the State of Texas against the Southwestern Telegraph & Telephone Company and another. Judgment for plaintiff; defendant Southwestern Telegraph & Telephone Company appeals. Affirmed.

A. P. Wozencraft and W. S. Bramlett, both of Dallas, for appellant. Jos. H. Aynesworth, of Childress, for the State.

GRAHAM, C. J. This appeal is from a judgment rendered by the district court of Childress county for $940 in penalties recovered by the state of Texas against the Southwestern Telegraph & Telephone Company, under the provisions of the act of the Legislature of the state of Texas, passed in 1907, and found at page 462, Session Laws of that year.

The record shows that the cause was tried below before a jury on pleadings of the respective parties to the suit, in substance as follows: The state of Texas, on the relation of the county attorney of Childress county, Tex., sued the Southwestern Telegraph & Telephone Company and the Paducah Telephone Company, alleging that each of said companies were engaged in the telephone business, and asking that it recover of the said companies a penalty of $10 per day for the first 94 days next succeeding the 9th day of August, 1911, and alleging that the city council of the city of Childress, Tex., on the 9th day of August, 1911, entered an order commanding and requiring the said two companies to physically connect their telephone lines at said city of Childress, Tex., for the purpose of transferring and transmitting telephone calls and conversations from one line to the other, and from the exchange of the Southwestern Telegraph & Telephone Company to the lines of the Paducah Telephone Company, and from the lines of the Paducah Telephone Company to and over the lines of said exchange; alleging that the Southwestern Telegraph & Telephone Company had telephone lines running into and through the town of Childress and into and through other cities and places throughout the state of Texas and elsewhere, and that the Paducah Telephone Company had a line running from Paducah, Tex., to and into Childress, Tex., and out of Paducah to other points in Texas, and maintained a local exchange in Paducah, and that the city counsel of the city of Childress, Tex., had ordered that said lines of the said Paducah Company and the said lines of the said Southwestern Telegraph & Telephone Company be connected in the exchange of the Southwestern Telegraph & Telephone Company in the city of Childress.

The Paducah Company answered by general demurrer and especially answered, admitting that all of the allegations of the state as made were true, except those charging that it had failed and refused to comply with the order of the city council as entered on the 9th day of August, 1911, or that it had in any way, or at any time, failed or refused to make the physical connection; but, on the contrary, it alleged it had always been able, ready, willing, and desirous to make the connection, and had complied with the terms of the order passed by the city, so far as it could, or had not been prevented from making the connection by the Southwestern Telegraph & Telephone Company. The Southwestern Telegraph & Telephone Company answered by general demurrer, certain special exceptions, a general denial, and certain special answers.

The issues being thus joined, a trial was had before a jury on December 15 and 16, 1911, and resulted in a verdict and judgment thereon for the state for the penalties sued for in the sum of $940 against the defendant Southwestern Telegraph & Telephone Company, and a verdict and judgment against the state and in favor of the Paducah Telephone Company. The Southwestern Telegraph & Telephone Company has prosecuted the appeal to this court, and submits the case in this court on 15 assignments of error, properly briefed.

Sections 4 and 5 of the act of 1907, which forms the basis of this action, provide as follows:

Section 4: "The city council, in incorporated cities, and the commissioners' court, where there is no city council, shall on the application of one hundred resident citizens, or upon its own motion, hear such evidence as they think necessary, and upon a final hear-

ing they shall determine whether or not it would be necessary for public convenience and just to the telephone and telegraph companies to make such connection, or arrange for transfer of messages, whereupon they shall enter of record their findings and shall also set out in their order the conditions upon which such arrangements for conversation or transfer of messages shall be made, and shall decide what proportion of expense shall be paid by each of said connecting lines."

Section 5: "Whenever the city council or commissioners' court shall enter an order in compliance with section 3 of this act, requiring telephone or telegraph companies to arrange for conversation or transfer of messages, it shall be compulsory on said company to arrange for said conversations or transfer of messages, and a failure to do so shall forfeit to the state of Texas, on suit by the county or district attorney, the sum of $10 for each and every day they so neglect; provided, that the penalty herein assessed shall not be operative against a company which is prevented from making connections as herein required through the fault or omission of another company, or so long as such fault or omission shall cause such failure on its part to so connect; provided further, that any company ordered to arrange for conversations to to transfer messages between its line and another line as hereinabove provided, shall have the right to appeal from such order to the court having jurisdiction over said matter, and the court shall, if it shall find that appellant had reasonable grounds for prosecuting such appeal, suspend the penalty herein provided for until such appeal is finally determined."

On August 9, 1911, the city council of the city of Childress, an incorporated city, made and entered of record the following order or judgment: "August 9, 1911. Now, upon this day, came on for final hearing the question of whether or not the council deems it advisable to require the Southwestern Telegraph & Telephone Company, a corporation, and the Paducah Telephone Company, a corporation, to mutually maintain a physical connection upon the switchboard of the said Southwestern Telegraph & Telephone Company in the city of Childress, Texas, with the telephone line of the Puducah Telephone Company, running from Paducah, Texas, to Childress, Texas; and it appearing to the city council that public notice had heretofore been duly given to the respective parties, and that each had heretofore appeared with its proper officers and counsel, whereupon a full hearing of the matter in controversy, as well as the costs and conveniences of the respective parties, was had, and upon the consideration of the matter of fact, and the council being duly advised, deems that it would be necessary for public convenience and just to both of said telephone companies that a physical connection of the telephone line of the Paducah Telephone Company, whereby a transfer of messages may be made, be made upon the switchboard of the said Southwestern Telegraph & Telephone Company within the city of Childress, Texas. It is therefore ordered by the city council of the city of Childress, Texas, that there be made and maintained a physical connection of the telephone line of the Paducah Telephone Company with the Southwestern Telegraph & Telephone Company upon the switchboard of the said Southwestern Telegraph & Telephone Company within the city of Childress, Texas, and that in making said physical connection the said Paducah Telephone Company shall furnish at its own expense a suitable line of poles and wires to the office of the said Southwestern Telegraph & Telephone Company, and that all other and further expenses connected therewith and incident thereto shall be borne equally by both of said parties. The consideration for said transfer of messages shall be as follows, to wit: For any and all connections of the line of the Puducah Telephone Company with any local subscriber of the Southwestern Telegraph & Telephone Company at Childress, Texas, whether inward or outward, also when connection is made on the line of the Paducah Telephone Company and any line of any third party at Childress, Texas, there shall be paid by the Paducah Telephone Company to the said Southwestern Telegraph & Telephone Company the sum of five cents for each said connection, and for any and all connections of the line of the Paducah Telephone Company with the said Southwestern Telegraph & Telephone Company for any point on the said Southwestern Telegraph & Telephone Company, other than at Childress, Texas, the sum of two and one-half cents for each connection, whether inward or outward, as a switching charge; and it is so ordered."

The record shows that at the time the city council passed and caused to be placed of record said order or judgment the appellant, the Southwestern Telegraph & Telephone Company, as well as the Paducah Telephone Company, was, and had been for some time prior thereto, operating, for hire, telephone lines, respectively, between Paducah and Childress, there being intermediate stations on the lines of both companies between Childress and Paducah; that the Southwestern Telegraph & Telephone Company also operated lines into and out of Childress from and to various other points in Texas, and maintained and operated a local exchange in the city of Childress; that the Paducah Telephone Company also maintained and operated lines into and out of Paducah to various other points in Texas, and maintained a local exchange in the city of Paducah, and that all of said business so conducted by both companies was for hire to the public generally; that until shortly before the city council passed its order the Paducah Telephone

Company had handled all its business at Childress through the switchboard and office of the Southwestern Telegraph & Telephone Company, under and in accordance with the terms of a written contract existing between said companies, but that shortly before said order was made by the city council the Southwestern Telegraph & Telephone Company, as it had a right under said contract to do, of its own motion canceled said contract, and declined to further handle the Paducah line's business into, through, or out of Childress, except on terms which were not acceded to by the Paducah Company; and that these conditions resulted in the city council of the city of Childress passing the order on which this suit is based.

Appellant's first assignment of error is as follows: "The court erred in overruling and in failing to sustain this defendant's general demurrer to the amended petition of the plaintiff, as herein filed." Under this assignment, five propositions are submitted; the first being in effect that the petition failed to allege that the Paducah Company had complied with the order of the city council. We have read the petition in connection with this proposition, and think the proposition not sustained under the record.

[1] The second proposition is to the effect that the order on which the suit is based is void in having attempted to fix compensation on messages originating outside of the city limits. This suit is not for failure to transmit messages, but is for failure to comply with the order of the city council to connect up two lines in the offices of the appellant company in the city of Childress; and if it were conceded that that portion of the order which attempts to fix compensation is void it would not affect the validity of the remaining portion, which the city most clearly had the right to pass.

The third proposition presents the question that the order entered by the city council only required the appellant company to connect with the line of the Paducah Company from Paducah to Childress, while the petition was for penalties in failing to connect, so that other points than Paducah, on the lines of the Paducah Company, would be connected with appellant company's office in Childress. This proposition is not maintainable, for the reason that the petition shows most clearly that there were other stations on the Paducah Company's lines, not only between Paducah and Childress, but at other points on its line leading into Childress; and the order of the city council therefore, if complied with, would necessarily, under the allegations in the petition, have resulted in facilities being furnished in Childress for handling messages that might originate on the lines of the Paducah Company, not only between Paducah and Childress, but at points on its other lines leading into Paducah.

The fourth proposition is to the effect that, as the order of the city council commanded and required appellant to make physical connection between its exchange and long-distance line and a line of the Paducah Telephone Company running from Paducah to Childress, Tex., the Southwestern Company at the same time having a line from Childress to Paducah, the council had exceeded its authority under the statute. From what we have said in disposing of other propositions, it follows that this one should be overruled.

The fifth proposition is again based upon the portion of the city council's order fixing compensation, and what we have said above results in there being no merit in this proposition.

Appellant's second assignment is as follows: "The court erred in refusing to give said company's special charge No. 1, directing the jury to return a verdict for this defendant." And there are five propositions submitted under this assignment. What we have said in disposing of the first assignment results in our holding that the petition was sufficient to support the judgment; and after a careful investigation of the evidence introduced on the trial we are convinced that the testimony introduced was amply sufficient to support the judgment rendered, and for these reasons, without discussing the various propositions submitted under this assignment, the same will be overruled.

The third assignment is to the effect that the verdict of the jury is contrary to the law and the evidence in the case, and four propositions are submitted thereunder; but a careful reading of the statement of facts in connection with the pleadings and the charge of the court has convinced us that this assignment is not well taken, and the same is therefore overruled.

[2] The fourth and fifth assignments of error are grouped in the brief, and cover the tenth and eleventh assignments found in the transcript. The fourth assignment in the brief presents the question that the evidence is insufficient to support the judgment, in that there was no testimony showing that appellant had failed or refused to transfer any messages tendered; while the fifth assignment in the brief complains of the charge of the trial court, wherein he directed the jury, if the appellant willfully refused to make a physical connection on its switchboard at Childress, Tex., with the line of its codefendant, to find for plaintiff—the contention of appellant being that before it would be liable under the law it was necessary for the state to show, not only that the defendant refused to make the physical connection referred to, but that telephone calls and conversations had been tendered to it originating at stations on the line of one of the defendants and destined for a station on the line of the other defendant, and that the ap-

pellant had refused to permit a physical connection between the said lines at Childress, Tex., so such calls and conversations, if any, might be transmitted and transferred.

As before remarked, this suit is not one for failure to permit messages to be transferred through the office of appellant at Childress, but is based on allegations that appellant failed to comply with the order of the city council of Childress by making, or permitting to be made, a physical connection of its lines with that of the Paducah Telephone Company in said city. The testimony, as a, whole, introduced on the trial below shows conclusively that the physical connection between the lines of the companies had not been made as ordered by the city council; and the testimony is amply sufficient to warrant the conclusion that the failure to comply with said order of the city council resulted from the willful acts of the appellant, and without culpable wrong on the part of the Paducah Telephone Company.

[3] Appellant's sixth assignment of error is based upon the exclusion of certain evidence of J. E. Farnsworth, by which appellant sought to show that it had made efforts to effect an arrangement with the Paducah Company that would result in a just mode of handling the business of said companies through the appellant company's office in Childress, and that because of a failure to make such arrangement the connection ordered by the city council had not been made. As we view this case, it was the duty of the appellant company to make the connection as ordered by the city council and allow the question of proper distribution of compensation for handling the Paducah Company's business through its office to take care of itself thereafter, and that therefore the court did not err in excluding this evidence.

[4] Under appellant's seventh assignment, it is contended that the trial court erred in stating in his charge to the jury that the laws of Texas required Telephone companies to make a physical connection of their lines at common points for the transmission of conversations from one line to the other, and in telling the jury that if they believed the defendants herein had willfully refused to make a physical connection on appellant's switch board at Childress, so that messages could be transferred on their respective lines, to find against defendants; it being appellant's contention that the charge was error, as the law does not require companies to maintain such connection for the purpose of transmitting telephone calls without limit. Under the issues made by the pleadings and the evidence in this case, we find no error in the portion of the court's charge complained of.

Under appellant's eighth assignment, it is contended that the order made and passed by the city council of the city of Childress is void; but for the reasons before stated we cannot concur in this contention.

Under appellant's ninth assignment, it is contended that the trial court erred in failing to give appellant's third special instruction as requested, and in amending same and giving it as amended. Under the facts in this case, we think to have given the special charge as prepared by appellant would have been misleading to the jury; and we further believe that said special charge, as amended by the court and given to the jury, correctly stated the law of the case under the evidence introduced.

[5] The tenth assignment is based on the refusal of the trial court to give special charge No. 4 as requested by appellant; but we think, in so far as said special charge embodied the law of this case, it was covered by the court's charge as given to the jury, and that there was no error in refusing to give the special charge.

[6] Under appellant's eleventh assignment, complaint is made that the trial court refused to give in charge to the jury appellant's fifth special charge, as follows: "You are instructed that, if you believe from the evidence the telephone at Wilkerson's ranch and the line connected therewith, running to Paducah, was, during the days for which the state claims penalties, operated as an exchange line connected with the Paducah exchange, then you are instructed, in contemplation of law, said ranch was not a toll station of the Paducah Telephone Company; and, if you so believe, then the Southwestern Telegraph & Telephone Company is not liable to the state for failure or omission to maintain a physical connection at Childress, so that calls and conversations may be transferred from said ranch to stations on the line of the Southwestern Telegraph & Telephone Company, and so that calls and conversations may be transferred from said station to said ranch." As the evidence abundantly shows that there were stations on the Paducah Telephone Company's lines between Paducah and Childress, and the appellant had willfully violated the order made by the city council of the city of Childress, we think the question sought to be submitted in appellant's fifth special instruction was wholly immaterial and that the court correctly refused to give the same; there being no issue of whether or not appellant had failed to transmit any messages through the Childress office that had originated at Wilkerson's ranch.

Appellant's twelfth assignment is based upon the failure of the trial court to give its sixth special instruction as requested, and which sought to submit to the jury the proposition that if they believed from the evidence that the failure of the lines of the the two defendants to be connected during any portion of the time for which recovery was sought was due to a demand on the part of the Paducah Telephone Company

that the Southwestern Telegraph & Telephone Company act of Childress as the agent or representative of the Paducah Telephone Company in transmitting messages to find for the appellant company. In so far as this special charge embodied a correct principle of law raised by the evidence, it was covered by the court's main charge; and, in so far as this special charge embodied the idea that the appellant could escape liability for refusal to make the connection, as directed by the order of the city council of the city of Childress, by showing that it did not do so because the Paducah Company declined to make a contract that was satisfactory to the appellant, it was not the law applicable to this case.

Appellant's thirteenth assignment complains that the trial court refused to give in charge to the jury its seventh specially requested instruction; and, as the same embodies largely the same questions of law as were covered by the sixth special charge, what we have said in disposing of it also disposes of the seventh.

Under appellant's fourteenth assignment, complaint is made that the trial court excluded a portion of the testimony of J. E. Farnsworth, to the effect that if a physical connection was made with appellant's lines, as commanded and required by the order of the city council of the city of Childress, that then large sums of money would be collected by the Paducah Company, from time to time, for conversations originated at stations on the line of said last-named company, and had over the line of said last-named company and the line of the appellant, which might result in a loss to appellant as a result of a failure of the Paducah Company to pay same over to the appellant. We think this testimony was properly excluded, for the reason that if appellant had complied with the order of the city council, and then the Paducah Company had failed or refused to make a just arrangement looking to the protection of appellant for its portion of the earnings on messages, we think appellant might have declined to forward the messages until such arrangements had been perfected; but this could furnish no excuse for a failure to make the connection as directed by the order of the city council.

Under appellant's fifteenth assignment, contention is made that the trial court erred in overruling its special exception to the state's pleading; the special exception being: "The said defendant especially excepts to that part of plaintiff's petition setting out certain lines of its codefendants, other than the line from Childress to Paducah, for that the city council of Childress only demands and requires this defendant to connect with the line last aforesaid." For reasons stated in the early portion of this opinion, we think there is no merit in this assignment.

Believing that no reversible error is pointed out under either of appellant's assignments of error, and that the judgment rendered by the trial court is fully warranted by the pleadings and the proof, the judgment appealed from will be in all things affirmed; and it is so ordered.